FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 02 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                    PLAINTIFF

VS.                           CASE NO. 16- 4:16CV878-BSM

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK                                           DEFENDANT

### MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR APPOINTMENT OF COUNSEL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion for Appointment of Counsel.

1. This court has the authority to appoint counsel in cases where the Plaintiff is proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(1). The Eighth Circuit holds that these motions should routinely be granted in civil rights cases, as those cases tend to be inherently complex in the factual and legal issues they raise. See *Peterson v. Nadler*, 452 F. 2d 754, 757 (8th Cir. 1971). Discrimination claims have also been held to meet this standard. See *Slaughter v. City of Maplewood*, 731 F. 2d 587, 589 (8th Cir. 1984).

2. *Slaughter* has also held that the three major factors, in addition to the complexity of to consider are (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim. See *id* at 590.

3. Plaintiff is, unquestionably, indigent. See his Application for Leave to Proceed In Forma Pauperis.

4. Plaintiff's claim has merit. It is clear, from the Complaint, that they are acting entirely out of spite and malice, with the intent of preventing my case from ever moving forward.

5. This leaves us with one question: Can I represent myself effectively? The answer to that

question appears to be "no." I have, indeed, filed several *pro se* lawsuits in my lifetime, but I have not been successful with any of them. This would either suggest that the judiciary was throwing my cases out for no reason, or I do not know how to represent myself, even if I may understand the basics.

6. This is corroborated by several statements made by various judges. See **Exhibit A**, a statement from Arkansas state judge Gordon Webb, where he acknowledged that retaining counsel would be the best option for expediting the litigation, although he admits that, unlike federal court, state courts have no authority to *appoint* counsel.

7. Therefore, because I have been declared unable to efficiently represent myself, my claim has merit, and I am clearly indigent, I ask that this Court appoint counsel for me in a manner consistent with AR Local Rule 83.7.

So requested on this, the 30th day of November, 2016.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

|    |    |
|----|----|
| 1  | previously. But in the course of addressing motions, |
| 2  | and making arguments on motions, because Mr. Goldie |
| 3  | in making his oral argument he is acting as a lawyer. |
| 4  | He's free to make his arguments as he sees fit. This |
| 5  | is not something that is being put forward to the |
| 6  | jury that the other side hasn't had a chance to |
| 7  | prepare for which would be the case during a trial, |
| 8  | but rather it is these are arguments of counsel in |
| 9  | response to the other side. And the fact that you |
| 10 | may not have thought in advance of what his argument |
| 11 | might be, in no way violates your due process rights. |
| 12 | That is one of the reasons that I would suggest it |
| 13 | was appropriate, it would be appropriate for you to |
| 14 | consider employing counsel if you want to go forward. |
| 15 | But that's you know, that has been said to you before |
| 16 | and you have ignored it at this point. And I am just |
| 17 | going to simply say you ignore that at you're on |
| 18 | risk. At this point, the Court is going to deny that |
| 19 | motion. |
| 20 | MR. STEBBINS: Your Honor, may I make an |
| 21 | explain -- may I explain something about my pro se |
| 22 | status. It is not just that I choose not to be |
| 23 | represented by an attorney, you've seen my in forma |
| 24 | pauperis applications you know how indigent I am. I |
| 25 | cannot represent somebody unless they are either |

RaLenn McBee, Official Court Reporter
Circuit Judge Gordon Webb
Harrison, Arkansas 72601