# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DAVID A. STEBBINS**                                                                              **PLAINTIFF**

**v.**                          **CASE NO. 4:16CV00878 BSM**

**STATE OF ARKANSAS and**
**BOONE COUNTY CIRCUIT CLERK**                                              **DEFENDANTS**

## ORDER

Plaintiff David A. Stebbins's motion to proceed *in forma pauperis* [Doc. No. 1] is granted. Stebbins shall be assessed an initial partial filing fee of $20, and must pay $20 every subsequent month until the entire $400 filing fee is satisfied.

Further, Stebbins's motion to appoint counsel [Doc. No. 3] is denied without prejudice because the issues are neither factually nor legally complex, and he appears to be able to adequately present his claims. *See Phillips v. Jasper County Jail,* 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional right to legal representation in civil cases, though a court may, in its discretion, appoint counsel. *Id.* Factors used to determine whether a lawyer should be appointed include (1) the factual complexity of the issues and legal arguments, (2) the ability of the indigent person to investigate the facts, (3) the existence of conflicting testimony, (4) the ability of the indigent person to present the claims, and (5) whether the record is sufficient to determine whether a lawyer should be appointed. *Id.* From Stebbins's arguments included in his complaint [Doc. No. 2] and motion to appoint counsel [Doc. No. 3] and the case law cited, it is clear that he is able to adequately present his claims.

Finally, Stebbins is hereby notified that Rule 5.5(c)(2) of the Rules of the United

States District Courts for the Eastern and Western Districts of Arkansas requires *pro se* litigants to (1) promptly notify the court and the other parties in the case of any change of address; (2) to monitor the progress of the case; and (3) to prosecute or defend the action diligently. Moreover, he should be aware the rule further provides that the failure by a *pro se* plaintiff to respond to any communication from the court within thirty (30) days may result in the dismissal of the plaintiff's case. Finally, a party proceeding *pro se* shall be expected to be familiar with, and follow, the Federal Rules of Civil Procedure as well as the Local Rules of this court. A copy of the Local Rules may be obtained from the clerk for the Eastern District of Arkansas. The Federal Rules of Civil Procedure are available in many libraries (including this court's 3rd floor library, Room A302) and bookstores.

IT IS SO ORDERED this 15th day of December 2016.

_____
UNITED STATES DISTRICT JUDGE