IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID A. STEBBINS**                                                                           **PLAINTIFF**

VS.                         NO.  4:16-cv-00878- BSM

**STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK**                           **DEFENDANTS**

<u>BRIEF IN SUPPORT OF MOTION TO DISMISS</u>

### I.  INTRODUCTION

On December 2, 2016, Plaintiff David Stebbins filed his Complaint in this case, alleging violation(s) of his constitutional and/or statutory rights.  *See* Doc. # 2.  In pertinent part, Plaintiff Stebbins alleges that the Boone County Circuit Clerk, Rhonda Watkins, failed to include a "Jan 23, 2015 order" in the record for an appeal from from the Circuit Judge.  *Id.* at ¶¶ 14-20.

For the reasons set forth herein, the Separate Boone County Defendant is entitled to qualified immunity and dismissal of the Plaintiff's Complaint as a matter of law.

### II.  ARGUMENT

Plaintiff's Complaint fails to state a claim against the Separate Boone County Defendant and that Defendant is entitled to qualified immunity, as applicable, and dismissal of the Plaintiff's claim(s). The Supreme Court set forth the standard for evaluating a motion to dismiss in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 547.  A "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 555; *accord Iqbal,* 556 U.S. at 678. Rather, the party seeking relief must set forth sufficient facts to "nudge[ ] the[ ] claim[ ] across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S at 556).

When reviewing a motion to dismiss, the Court "must accept [the pleader's] specific factual

allegations as true but [need] not ... accept ... legal conclusions." *Brown v. Medtronic, Inc.,* 628 F.3d 451, 459 (8th Cir.2010) (citing *Twombly,* 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the non-moving party. *Twombly,* 550 U.S. at 554–56.

On December 2, 2016, Plaintiff David Stebbins filed his Complaint in this case, alleging a violation(s) of his rights. *See* Doc. # 2. In the preamble to his Complaint, the Plaintiff states that he is alleging only "one (1) count of ADA retaliation." Doc. # 2. In other paragraphs, however, the Plaintiff cites a number of other cases and statutes. *Id.* Nevertheless, the Plaintiff has alleged only a single factual failure by the County. Namely, the Plaintiff alleges, in pertinent part, that the Boone County Circuit Clerk, Rhonda Watkins, failed to include a "Jan 23, 2015 order" in the record for an appeal from the Circuit Judge. *Id.* at ¶¶ 14-20. This alleged failure simply cannot give rise to liability under any theory and certainly cannot give rise to liability under an ADA retaliation theory where (1) the Plaintiff's Complaint concedes that his alleged disability is "not obvious" and (2) the Plaintiff's Complaint makes no retaliation allegations against the Circuit Clerk.

At the outset, it is important to note that the Plaintiff's Complaint in this case severely mischaracterizes the underlying state court action. The Arkansas Court of Appeals accurately recites the facts of that case in its Order of remand:

> The parties to this appeal are appellant David A. Stebbins and his father, appellee David D. Stebbins. At the time of the incident giving rise to this litigation, the son was residing with the father. In an attempt to eliminate or reduce previous friction between the parties, the parties had executed a written agreement setting forth the terms and conditions whereby the son could live in the father's residence. On November 24, 2011, the police were called to the home of the father David D. Stebbins and found that the father had suffered knife wounds to his face. The son, David A. Stebbins, was arrested and charged with battery. The son subsequently filed suit against his father claiming that his father had breached the written contract between the parties that night by failing to provide adequate high-speed internet service. Appellant further claimed that, after he confronted his father about the problem with the internet, his father punched him in the face, and then the father purposely cut his own face with a knife to make it appear as if he had been attacked by his son. Appellant asserted in his complaint that his father pressed criminal charges against him knowing them to be false, and used the alleged attack as a means to circumvent the lease-agreement provision of the parties' contract and unlawfully evict appellant from his house. The complaint alleged six separate causes of action,

> including malicious prosecution, abuse of process, defamation, breach of contract, conversion, and battery. Appellant subsequently filed an amended complaint, adding additional claims for identity theft, tort of outrage, negligence, and forgery.
>
> The case was tried to a jury, and the jury's verdicts were returned in favor of the father David D. Stebbins. Thereafter, the trial court entered a judgment dismissing appellant's complaint with prejudice. David A. Stebbins filed a motion for a new trial and subsequently filed a second motion for new trial, which were both denied by the trial court. David A. Stebbins now appeals from the underlying judgment and the order denying his second motion for new trial.

*Stebbins v. Stebbins*, 2016 Ark. App. 385, pp. 1-2.

In order to establish a claim for ADA retaliation, the Plaintiff would have to show, through direct evidence of retaliatory discrimination or establishment of an inference of discrimination, (1) that he engaged in a statutorily protected activity, (2) that the Circuit Clerk the employer took an adverse action against him, and (3) there was a causal connection between the adverse action and the protected activity.  See, e.g, EEOC v. Prod. Fabricators, 763 F.3d 963, 971 (8th Cir. 2014).  The allegations of the Plaintiff's Complaint do not establish these elements.  The Plaintiff's Complaint concedes that his alleged disability is "not obvious" (¶10) and fails to allege any retaliatory motive or intent on the part of the Circuit Clerk.  *See* Doc. # 2.  In fact, the Complaint doesn't allege any interaction between the Plaintiff and the Circuit Clerk at all (no reasonable juror could conclude that the alleged failure to include a single page in a voluminous record was the Circuit Clerk's attempt to intentionally retaliate, on the basis of disability, against a litigant without an obvious disability with whom she had no interaction).  As a final note, the Plaintiff has offered no proof that any document actually was filed of record on January 23, 2015 (the Plaintiff attached a number of documents to his Complaint, but not the document at the center of his case against the Circuit Clerk) and, thus, cannot establish that the Circuit Clerk erred in the first place or failed to supplement (in fact, no order or any other document was filed in the underlying case on January 23, 2015).  In the end, the allegations of the Plaintiff's Complaint do not state a plausible claim against the Separate Boone County Defendant and must be dismissed as a matter of law.

### III. CONCLUSION

For the reasons set forth herein, the Separate Boone County Defendant respectfully requests that Plaintiff's Complaint be dismissed.

Respectfully submitted,

BOONE COUNTY CIRCUIT
CLERK Rhonda Watkins,
*Separate Boone County Defendant*

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
801 Technology Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: owens@rainfirm.com

By:     /s/ Jason E. Owens
Michael R. Rainwater, #79234
Jason E. Owens, #2003003

### CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, and I mailed the document by United States Postal Service to the following non CM/ECF participants:

Mr. David A. Stebbins
123 W. Ridge St., Apt. D
Harrison, AR 72601

    /s/ Jason E. Owens
Attorney for Defendant
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
801 Technology Drive
Little Rock, Arkansas 72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email: owens@rainfirm.com