UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS             PLAINTIFF

VS.          CASE NO. 4:16-cv00878-BSM

STATE OF ARKANSAS AND
BOONE COUNTY CIRCUIT CLERK            DEFENDANT

### MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR SANCTIONS

Comes now, *pro se* Plaintiff David A. Stebbins, who hereby submits the following Motion for separate Defendant, the Boone County Circuit Clerk, to be sanctioned for filing a frivolous motion.

1. Before getting to the motion itself, I would like to remind this Court of a very important limitations on its power: This court cannot issue a ruling for any motion without giving any explanation behind its ruling. Even when the Court's actions are discretionary (which they are not in a Motion for Summary Judgment), to issue a ruling without an explanation is an automatic abuse of discretion. See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision"); see also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice"). See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("we neverthe-less find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion"). See also Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is

merely abuse of that discretion and inconsistent with the spirit of the Federal Rules"). See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order"). See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion"). See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion"). See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored."). See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals") See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected."). See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it"). See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard ... is inapplicable here.").

## Facts

2.  On February 6, 2017, the Boone County Circuit Clerk appeared in the above-styled

action, represented by Jason Owens. She proceeded to file a motion to dismiss, claiming initially that she is protected by qualified immunity, but proceeding to argue failure to state a claim.

3.     During the Brief in Support of this Motion, the Defendant maintained that she had never had any interactions with me prior to this lawsuit, for better or worse, and as such, could not possibly have retaliated against me.

4.     This was a crucial point. In the Defendant's own words ... "no reasonable juror could conclude that the [adverse action] was the Circuit Clerk's attempt to intentionally retaliate ... against a litigant ... with whom she had no interaction." See Doc. 14, p. 3.

5.     The Defendant's statement that she had never interacted with me before is a bald-faced lie and she knows it.

6.     First of all, as stated in the Response to Motion to Dismiss, it is literally impossible that I never interacted with the Circuit Clerk in any capacity. Absolutely impossible. If I never interacted with the Circuit Clerk, then how could I possibly have had a jury trail in the state court? How could I possibly have filed an appeal in the first place if I didn't get the record from the Circuit Clerk? I necessarily interacted with the Circuit Clerk in small chunks when I filed my pleadings, motions, and briefs in the state court case. The Court can take judicial notice of that. It is public record that I was pro se in that case (and therefore, had no attorney liaison to interact with the Clerk on my behalf), and therefore, I had to make all filings myself. This means I necessarily "interacted" with the Clerk! Because *duh*!

7.     But even if you take that out of the equation, I still have an abundance of evidence that the Clerk and I have interacted with each other before. Attached are a series of six email conversations (let's refer to these as **Exhibits 1 through 6**) between myself and Rhonda Watkins. These clearly show us ... well ... interacting!

8. So as you can see, the Defendant's attempt to convince the Court that we never even interacted prior to this lawsuit is absolute balderdash ... designed solely for the purpose of increasing the litigation costs by adding a new issue to be litigated that should never have been disputed in the first place.

## Law and Discussion

9. Federal Rule of Civil Procedure 11(b)(3) requires that, upon filing any pleading with the Court, "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Failure to comply with this requirement is grounds for sanctions under Rule 11(c).

10. The same applies to denials of factual contentions, as well. See Fed.R.Civ.P. 11(b)(4). So even if the Defendant argues that their assertions should be viewed as merely denying the allegations of the Complaint, that does not save them.

11. The *motive* for their lies should also be taken into account. Sanctions are also proper if the pleading is filed primarily to "needlessly increase the cost of litigation." See Fed.R.Civ.P. 11(b)(1). Such is the case here. By denying that the Defendant and I interacted with each other in any capacity (in an effort to render any retaliation impossible), the Defendants were attempted to drag out the litigation by putting me to the task of proving something that should have been conceded to at the outset. They might as well have demanded that I show proof of my U.S. Citizenship. To ask me to prove things that should go without saying is a clear violation of Rule 11.

12. "Rule 11 makes sanctions mandatory when a violation of the Rule occurs." See O'Connel v. Champion Intern. Corp., 812 F. 2d 393, 395 (8th Cir. 1987). "The issue is whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." See *id*. Although the District Court has discretion to determine whether or not Rule 11

has been violated, that does not mean that the Court can simply declare that the factual contention was made in good faith without any reason for making that finding. See ¶ 1 of this Motion. When the Defendant's failure to make a reasonable inquiry into the facts is simply irrefutable, it's irrefutable.

13. Because the Defendant issued a bald-faced lie, in complete violation of Fed.R.Civ.P. 11, this Court should sanction them.

14. Wherefore, premises considered, I respectfully request that the Defendant be properly sanctioned for her frivolous denials of obvious, axiomatic, self-evident facts.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

**Subject:** Re: Jury trial
**From:** David Stebbins (stebbinsd@yahoo.com)
**To:** RWatkins@boonecounty-ar.gov;
**Date:** Monday, March 30, 2015 9:25 AM

But *how many* summonses were sent out?

---

From: Rhonda Watkins <RWatkins@boonecounty-ar.gov>
To: David Stebbins <stebbinsd@yahoo.com>
Sent: Monday, March 30, 2015 8:58 AM
Subject: RE: Jury trial

**Yes. I always try to have plenty to choose from.**
Rhonda

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Friday, March 27, 2015 6:18 AM
**To:** Rhonda Watkins
**Subject:** Jury trial

Ms. Watkins,

In Case No. 2012-65-4, the case is set for jury trial on April 6, 2015.

Can you please tell me ... how many potential jurors have been summoned to jury duty for this case? I don't need names or addresses; I'm only interested in the number.

Obviously, it has to be more than 12, since some potential jurors are inevitably going to be rejected.

Would you say that it's about 100 people summoned to jury duty?

# Exhibit 1

**Subject:** RE: Request for Certified Record
**From:** Rhonda Watkins (RWatkins@boonecounty-ar.gov)
**To:** stebbinsd@yahoo.com;
**Date:** Monday, August 3, 2015 2:51 PM

David I have your paperwork ready.

Rhonda

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Sunday, August 02, 2015 11:15 AM
**To:** Rhonda Watkins; davis@rainfirm.com; Ron Kincade
**Subject:** Request for Certified Record

Dear Ms. Watkins,

I have a motions hearing coming up in Case No. CV2015-38-4. I want to provide an exhibit to one of the motions in that hearing: A copy of the sentencing order in Case No. CR2011-324-4 in this Court.

I will come by sometime tomorrow (or later today, since you won't be reading this email until Monday morning), after lunch, to pick up the certified copy.

Sincerely,

David Stebbins

**Exhibit 2**

**Subject:** RE: Copies I need
**From:** Rhonda Watkins (RWatkins@boonecounty-ar.gov)
**To:** stebbinsd@yahoo.com;
**Date:** Wednesday, March 18, 2015 10:59 AM

David I have your copies ready for you to pick up.

Rhonda

---

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Tuesday, March 17, 2015 3:04 PM
**To:** Rhonda Watkins
**Subject:** Copies I need

Dear Ms. Watkins,

Please find attached a list of the filings in Case No. CV2012-85-4 that I need copies of for the time-being.

I've also included the specific dates these documents were filed (so you can locate them quickly), as well as how many pages I counted.

According to my calculations, this should amount to 56 pages. According to our previously agreed-upon price of 10 cents per page (if I provide the paper to reduce the price, that way), this means my fees should be "56 sheets of paper and $5.60 cash."

Let me know when you've got that.

# Exhibit 3

**Subject:** RE: Proof that previous link was to STATE-level FOIA.
**From:** Rhonda Watkins (RWatkins@boonecounty-ar.gov)
**To:** stebbinsd@yahoo.com;
**Date:** Tuesday, March 17, 2015 1:11 PM

David, like I said earlier, your files are here and you are welcome to come make copies but you will be required to pay.

Thank you,

Rhonda

---

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Tuesday, March 17, 2015 10:39 AM
**To:** Rhonda Watkins
**Subject:** Re: Proof that previous link was to STATE-level FOIA.

Mr. Watkins,

I have a plan for getting reducing the size of the docket. You say it's 924 pages; I think I have a plan for getting that reduced.

First and foremost, take out my "Motion to Compel Cooperation in Discovery," filed on or around June 27, 2014. That one filing, and all its attachments, should single-handedly reduce the file size by about 200 pages.

Second, don't make copies of everything that was filed on or after October 2014. I already have copies of all of those things.

Take out any one filing that is 30 pages or more (filings that have entire transcripts attached as exhibits should qualify for this). The one exception to this is the "Defendant's Motion to Consider Restrictions on Plaintiff's Vexatious Abuse" or something to that effect. It was filed in the summer of 2013, and I still need a copy of that without the exhibit attachments.

Take out the certificates of service, and the tracking numbers (e.g. when Polly Leinberg sends notices of hearings, she usually gets

# Exhibit 4

**Subject:** RE: Another witness
**From:** Rhonda Watkins (RWatkins@boonecounty-ar.gov)
**To:** stebbinsd@yahoo.com;
**Date:** Tuesday, March 3, 2015 10:27 AM

David,

Is this concerning case CV-2012-85-4? If we prepare the subpoenas for your case we charge $2.50 per subpoena. There is no charge if you prepare them yourself.

Thank you,

Rhonda Watkins

---

From: David Stebbins [mailto:stebbinsd@yahoo.com]
Sent: Tuesday, March 03, 2015 8:48 AM
To: Rhonda Watkins
Subject: Another witness

Ms. Watkins.

Here's another witness I need a subpoena for, for next month's trial:

Jason Vaughn
1618 N A St
Fort Smith, Arkansas

# Exhibit 5

**Subject:** RE: FOIA Request
**From:** Rhonda Watkins <RWatkins@booneCounty-ar.gov>
**To:** stebbinsd@yahoo.com;
**Date:** Wednesday, March 11, 2015 4:41 PM

David,

Wanted to get right back to you concerning this case. If you will get me a list of the documents you need and the date they were filed I will be more than happy to get you copies of them. This way I can make sure you get what you need.

Sincerely,

Rhonda Watkins

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Wednesday, March 11, 2015 4:03 PM
**To:** Rhonda Watkins
**Subject:** FOIA Request

Dear Ms. Watkins,

I understand that Judge Rogers has the docket for Case No. CV2012-85-4. However, I still need to get copies of certain documents out of that case, to be used as exhibits in my case.

I looked into the statute, on this matter. Turns out, the Arkansas Freedom of Information Act contains a provision for such an occasion:

http://www.foiarkansas.com/1010/1010foia.html

Arkansas Code Annotated 25-19-105(e) states the following:

"If a public record is in active use or storage and, therefore, not available at the time a citizen asks to examine it, the custodian shall certify this fact in writing to the applicant and set a date and hour within three (3) working days, at which time the record will be available for the exercise of the right given by this chapter."

# Exhibit 6